[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The complaint filed by Plaintiff Ying Shan Corporation seeks damages predicated upon its claim that defendants Maiaxi Patel and Hasmukh Patel, doing business as Leon's Market, owe $ 5,000 in sewer use charges as sublessees of the plaintiff's commercial premises in a building known as 485-491 Howard Avenue in New Haven, Connecticut. The complaint also contains a demand for counsel fees.
The defendants deny that they are indebted to the plaintiff in the amount claimed. In their Special Defense the defendants allege that the plaintiff failed to make a demand for a sum equal to that provided in the lease and that the plaintiff failed to substantiate the sum claimed. The plaintiff repudiates the allegations in the Special Defense.
The plaintiff bears the burden of persuasion, often referred to as the burden of proof, in the presentation of evidence to establish the claims set out in its complaint.
 It must be borne in mind that since this is a civil case the plaintiff would have sustained his burden of proof as to any essential element in his cause of action if the evidence, considered fairly and impartially, induced in the mind of the trier a reasonable belief that CT Page 1062 it was more probable than otherwise that the facts involved in that element were true.
 Busker v. United Illuminating Co., 156 Conn. 456, 458 (1968).
At trial the plaintiff sought to establish its claim of money due for sewer use. Admitted into evidence is Exhibit 1, the lease which includes the requirement that "[s]ewer use charges shall be paid for by [t]enant." The lease is dated January 1, 1989. The plaintiff conceded that only one meter registered sewer use for the entire building which consists of seven residential apartments and two commercial establishments. One of the commercial establishments is a restaurant; the other is the grocery store owned by the defendants. Although the lease obligates the defendants to pay sewer use charges for the portion of the premises which they occupy, the plaintiff has not presented the defendants with a bill which reflects a metered reading of their actual sewer use.
The plaintiff has presented the defendant with a letter, dated August 16, 1993, which demands $ 4,038.76 derived as one-fifth of a total bill of $ 20,193.81 assessed for sewer use for all of the residential and commercial units situated on the premises. At the trial the plaintiff introduced a bill for sewer use. The bill represents the total sewer use for all of the units and does not segregate an amount due for the defendant's use.
At the trial the plaintiff modified its demand to $ 2,006.87, predicated upon a formula which takes into account the total bill or sewer use, and the total number of water outlets (i.e. sinks, toilets, showers, bathtubs, etc.) in the residential and commercial units in proportion to the water outlets in the portion of the premises occupied by the defendant. No expert witnesses were called or used by the plaintiff in calculating the water used by any of the tenants, nor in calculating the amount apportionable to the defendant.
Although the court finds that the lease supports plaintiff's claim that the defendants are contractually obligated to pay a portion of the sewer bill, the court finds that the plaintiff has not produced competent CT Page 1063 evidence of the actual or a legally sufficient approximation of sewer use attributable to them. The evidence introduced by the plaintiff on this point is tantamount to mere dollar estimates without sufficient connection to the actual sewer use of the defendant. As such, the evidence produced in this regard does not meet the standard of ". . . the best approximation to certainty . . ." which is required where exactitude is not possible. Bartlotta v. Calvo, 112 Conn. 385, 395
(1930).
Accordingly, the Court finds that the plaintiff has not proved its case.
Furthermore, the Court finds that the defendants have proved the allegations of their Special Defense by a preponderance of the evidence.
Upon the foregoing analyses, the Court enters judgment for the defendants.
Clarance J. Jones, Judge